UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

STEVE D. HUDDLESTONE, #318748,

               Plaintiff,                        Case No. 1:20-CV-12417
                                                           Hon. Thomas L. Ludington

v.

GEOFFREY MOORE, et al.,

               Defendants.

_____/

**OPINION AND ORDER DENYING *IN FORMA PAUPERIS* STATUS AND
SUMMARILY DISMISSING COMPLAINT**

Plaintiff is an inmate confined at the G. Robert Cotton Correctional Facility in Jackson, Michigan. Plaintiff filed this civil rights complaint pursuant to 42 U.S.C. § 1983 on August 25, 2020, ECF No. 1, and applied for *in forma pauperis* status. ECF No. 2. On September 24, 2020, Magistrate Judge R. Steven Whalen signed an order of deficiency, requiring Plaintiff to provide a Prisoner's Application to Proceed Without Prepayment of Fees and Costs and Authorization to Withdraw from the Trust Fund Account, a signed certification of his prison trust account from an authorized jail official, and a current computerized trust fund account showing the financial transactions in Plaintiff's institutional trust fund account for the past six months. ECF No. 3. Alternatively, the order permitted Plaintiff to pay the $400.00 dollar filing fee in full. *Id*. Plaintiff was given thirty days to comply with the order. *Id*. On October 5, 2020, Plaintiff filed an Application to Proceed in District Court Without Prepayment of Fees or Costs. ECF No. 4.

For the reasons stated below, Plaintiff's application to proceed *in forma pauperis* status will be denied and the complaint will be dismissed with prejudice.

## I.

Plaintiff's complaint is against three fellow inmates at Cotton Correctional Facility. Plaintiff alleges that when he was in the first and second grade at an elementary school in Nashville, Tennessee, one of the defendants raped him. ECF No. 1 at PageID.3. He asserts that after the rapes, the two other defendants caused the first one to kill everyone in their class. *Id.* Plaintiff seeks to have the defendants held criminally liable for the rapes and murders and requests civil damages. *Id.* at PageID.3–4.

On October 5, 2020, in response to the Court's order to correct a filing deficiency, ECF No. 3, Plaintiff filed an Application to Proceed in District Court Without Prepayment of Fees or Costs. The application included written authorization to withdraw funds from his prison trust fund account, ECF No. 4 at PageID.14, but did not contain a certified trust account statement for the preceding six months. In addition, Plaintiff did not obtain a signed certification from the appropriate prison official; rather, he signed the certification form himself. *Id.* at PageID.16. Plaintiff's filing contained a "Letter to the Court Clerk," which stated that he was unable to obtain a monthly statement from the RUM resident unit manager "Due to Indigency [sic]." *Id.* at PageID.17.

## II.

Under the Prison Litigation Reform Act ("PLRA"), "a prisoner [who] brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). The moment a complaint is filed, a plaintiff becomes responsible for the filing fee and waives any objection to the withdrawal of funds from his or her trust account to pay court fees and costs. *McGore v. Wrigglesworth*, 114 F. 3d 601, 605 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 203 (2007). The *in forma pauperis* statute provides

prisoners the opportunity to make a down payment of a partial filing fee and pay the remainder in installments. 28 U.S.C. § 1915(b); *see also Miller v. Campbell*, 108 F. Supp. 2d 960, 962 (W.D. Tenn. 2000).

A prisoner who seeks to file a complaint as a pauper must file an affidavit of indigency and a certified copy of the trust fund account statement for the six-month period immediately preceding the filing of the complaint. *See* 28 U.S.C. § 1915(a)(2); *McGore*, 114 F. 3d at 605. The affidavit must include "a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor[,]" and must also "state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

A plaintiff who does not pay the full filing fee and fails to provide the required documents must be notified of the deficiency and granted 30 days to correct it or pay the full fee. *Davis v. United States*, 73 F. App'x 804, 805 (6th Cir. 2003) (citing *McGore*, 114 F. 3d at 605). "If the prisoner does not correct the deficiency, the district court must presume that he or she is not a pauper, assess the full fee, and order the case dismissed for want of prosecution." *Id*. As required, Magistrate Judge Whalen gave Plaintiff 30 days to correct his deficiency. ECF No. 3. The deficiency order instructed Plaintiff that noncompliance would result in dismissal, and that the action would "not be reinstated even if he . . . subsequently pays the fee." *Id*.

In response to the order to correct the deficiency, Plaintiff filed an application to proceed without prepayment of fees and costs, but asserted he was unable to obtain a monthly statement "Due to Indigency [sic]." *Id*. at PageID.17. Plaintiff provides no explanation of what steps he took, if any, to obtain the certified trust fund account statement and certification. Nor did he ask for an extension of time in which to obtain the necessary documents.

-3-

Plaintiff's application remains deficient because he failed to file the required certified trust fund account statement. "An uncertified trust fund account statement, or one that lacks the appropriate official's signature, is insufficient to satisfy the filing requirements for a prisoner to proceed *in forma pauperis* under § 1915(a)(2)." *See Moore v. Vantifflin*, Case No. 2:08-cv-15168, 2009 WL 224548, *1 (E.D. Mich. January 30, 2009) (Rosen, J.) (citing *Hart v. Jaukins*, 99 F. App'x 208, 209-10 (10th Cir. 2004)).

### III.

Accordingly, it is **ORDERED** that Plaintiff's application to proceed *in forma pauperis*, ECF No. 4, is **DENIED**.

It is further **ORDERED** that the Complaint, ECF No. 1, is **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that an appeal from this decision would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962). For the same reason, leave to appeal *in forma pauperis* is **DENIED**.

Dated: October 30, 2020                              s/Thomas L. Ludington
                                                     THOMAS L. LUDINGTON
                                                     United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon **STEVE D. HUDDLESTONE** #318748, G. ROBERT COTTON CORRECTIONAL FACILITY, 3500 N. ELM ROAD, JACKSON, MI 49201 by first class U.S. mail on October 30, 2020.

s/Kelly Winslow
KELLY WINSLOW, Case Manager